Edgar J. Nathan, J.
In this action for declaratory judgment, defendant moves to dismiss the complaint for insufficiency pursuant to rules 106 and 212 of the Rules of Civil Practice, or in the alternative to strike out all allegations as to the representative character of the action pursuant to rule 103 of the Rules of Civil Practice. The motion is granted with leave to amend.
The complaint (with documents annexed) alleges in substance that plaintiff is a dealer in office machines and is franchised to sell at retail Remington Rand portable typewriters and other office equipment manufactured by and purchased from defendant; that he brings the action on behalf of himself and other dealers similarly situated; that defendant initiated a deferred payment plan which in essence is an agreement to finance installment sales for its dealers at no cost to the dealers other than a $2 “ waiver of recourse charge ”. Under the deferred payment plan the dealer retains the down payment collected from the customer as his profit, forwards the contract with credit information to defendant for approval, and if accepted, defendant *195 credits the dealer’s account with the deferred balance less the $2 charge and collects the installments directly from the customer.
The complaint further alleges in detail a specific transaction as follows: plaintiff sold a portable typewriter to a customer named Jones under the deferred payment plan; the contract of sale was accepted by defendant, which credited plaintiff with the deferred balance less the waiver of recourse charge; defendant subsequently revoked the credit upon Jones’ default in the payment of an installment, and charged back to plaintiff the remaining unpaid balance. It is alleged that a dispute has arisen as to plaintiff’s rights under the plan, particularly with respect to the waiver of recourse provision; that other dealers have sold a great many portable typewriters and other office equipment under said plan and are in the same status as plaintiff with respect to the waiver of recourse provision; and that defendant now wrongfully seeks by reversal of dealer credits to exact large payments of money from its dealers.
The relief sought is a declaration of the rights of plaintiff and other dealers under the deferred payment plan and a declaration that defendant waived all recourse against plaintiff and other dealers, together with cancellation of reversals of dealer credits, injunction against assertion of claims by defendant, and other relief.
Although not clearly set forth in the pleading, it is evident that the gravamen of the action is defendant’s unilateral rescission of its financing agreement with its dealer upon default by the customer in payment of an installment of the price, despite the proviso that the dealer’s transfer of the contract to defendant is without recourse. Plaintiff’s unfortunate prayer for a declaration that defendant waived all recourse, has been seized upon by defendant as a springboard for extensive hypothetical discussions of the effect of fraud, collusion and deceit, none of which has any application to the gist of this action. The exhibits annexed to the complaint indicate that plaintiff is not seeking some general interpretation of the term ‘ ‘ without recourse ’ ’. Bather, he confines himself to a specific issue — is defendant entitled to revoke its executed promise to advance the agreed price to the dealer solely because of the failure of the customer to meet one of the stipulated installments 1 Under defendant’s deferred payment plan, is the credit risk to be borne by the dealer or the manufacturer!
The alleged dispute between the parties is not sufficiently delineated in the complaint, but the amorphous allegations of paragraphs 18, 19 and 20, when read with reference to the *196 attached exhibits, suggest that defendant has allegedly embarked upon a course of conduct of revoking credits to plaintiff and other dealers because of defaults in payment by customers, and that a dispute has arisen between the parties as to whether such conduct, based upon default in payment only, violates the waiver of recourse provision of defendant’s deferred payment plan. Properly presented so that pertinent issues may be raised by a responsive pleading, the facts and circumstances indicated might well make out an appropriate case for declaratory judgment or other equitable relief.
If the complaint were treated as seeking relief only on the Jones transaction set forth therein, it could not be deemed a class action since no dealer other than the plaintiff has any interest in that transaction as such. It is indicated, however, that this single transaction is illustrative of defendant’s policy or conduct with respect to a substantial number of dealers in the same circumstance. Whether the action be permitted as a representative one will thus depend upon the facts alleged and the class described in the amended complaint.
The complaint is dismissed with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon with notice of entry.
Settle order accordingly.